Johnson, J.
The sole question is whether the heirs and devisees of a lessor, who are entitled to the rents accruing from time to time under a lease executed by him for 99 years, renewable forever, with the option to lessee to purchase after twenty-five years, are entitled to partition under the laws of Ohio.
Is the existence of such a perpetual lease a conclusive obstacle to the right of partition by those interested in the present rents and in the reversion or fee simple? The right to partition at common law seems to have been limited to coparceners. But at an early day in England the right was extended by statute to joint tenants and tenants in common of estates in inheritance.
In this state the right to and the procedure for partition are provided by statute.
Section 12026, General Code, provides that “Tenants in common, and coparceners, of any estate in lands, tenements, or hereditaments within the state, may be compelled to make or suffer partition thereof in the manner hereinafter prescribed.”
*540 Therefore, in a proceeding in partition, we at once encounter the question, what is the nature of the estate of the parties seeking the partition? Are they “tenants in common of any estate in lands” within the meaning of the statute?
In this case does the fact that the ancestor made a perpetual lease of the premises, renewable forever, create such an estate in the lessee as to deprive her heirs and devisees of “any estate” in the lands described within the meaning of the section of the General Code referred to ?
It is the settled law of this state that where there is.an outstanding estate for life vested in a third person in the whole of the premises of which partition is sought, the remaindermen cannot have partition. Tabler v. Wiseman, 2 Ohio St., 207, and Eberle v. Gaier, Jr., 89 Ohio St., 118.
In Tabler v. Wiseman there is a discussion by Judge Ranney of the genesis of partition, and of our statute concerning it, which was at that time substantially as it is now. In the syllabus of that case it is declared that “The result of the adjudged cases, as well as the purpose of the statute and the object of the whole proceeding, seem to be to seeure to the tenant the exclusive possession of his share of the joint property; and where no such possession can follow the judgment, no reason is shown for invoking the aid of the law, or for calling the other owners into court, and subjecting them to the expenses incident to the proceeding, or compelling them to submit their interests to the sacrifice of a forced -sale. Hence, when there is an outstanding estate for life, vested in a third person, in the whole premises of which partition is sought, the reversioners or remaindermen, cannot have partition, either at law or in equity.” *541 And it is also declared in the syllabus that “In Ohio, a right of entry will entitle a party to the proceeding in partition, without the actual seizin required in some other states. If the tenant is not prevented by some intervening estate, from recovering the possession in an action at law, he will not be disabled to prosecute his writ of partition.” In this case is-, the right of heirs and devisees to share in the pres- ' ent rents, under the lease, and to insist on all the ,i covenants of the lease, such right of immediate pos- jj session? Are the rights of the reversioners in such ¡; a case different from those of the remaindermen i< where there is a life estate in the premises outstand- * ing?
It is earnestly contended by the plaintiffs in error that the estate conveyed by the lease for 99 years, renewable forever, is a leasehold in name and form only and that in substance it is an estate in fee. That it is in fact greater than an estate for life.
Some early Ohio cases are cited in support of this view. These cases deal with the effect of statutory provisions with reference to permanent leases in cases of judgments and executions levied thereon, and with statutes which provide that for taxation purposes they shall be considered as real estate and not as chattels, and shall also be considered for the purposes of descent and distribution and sales on execution as subject to the same laws that apply to estates in fee; and in these cases judgments were held to be liens, without levy for one year, on permanent leaseholds, as upon other real estate (Northern Bank of Kentucky v. Roosa, 13 Ohio, 334, and Loring v. Melendy, 11 Ohio, 355). The briefs of Salmon P. Chase and Bellamy' Storer, which are printed in the report of Bank v. Roosa, contain able and comprehensive discussions of those statutes.
*542 ■The effect of the same statutes was discussed by Judge Mcllvaine, in Taylor v. DeBus, 31 Ohio St., 468, where suit was brought by a lessor against the lessees to recover arrearages of rents. It was there held that “A lessor may maintain an action for rent against his lessee, on an express covenant to pay rent during the term contained in a-lease for ninety-nine years and renewable forever, though the rent accrued after the lessee had assigned all his interest in the leasehold estate and after the lessor had accepted rent from the assignee of the term.” Judge Mcllvaine says at page 472: “By the common law, leasehold estates were regarded as chattels — chattels real to be sure, but nevertheless subject to the rules relating to chattel property; but by statute, as early as 1821, leaseholds renewable forever were made subject to judgments and executions ‘as real estate,’ and in 1837 they were subjected to the same laws of descent and distribution ‘as estates in fee,’ and such has continued to be the state of our statute laws ever since. Now, it is contended that, by force of this legislation, such estates are no longer chattels; that the creation of such an estate in lands is equivalent to an absolute transfer of the fee, and, therefore, the common law incidents of leasehold estates are abrogated. Such results do not follow such legislation. To the extent that leasehold estates have, by statute, been subjected to the rules which govern estates in fee, of course the rules of the common law, in respect thereto, have been abrogated; but beyond this, the common law continues to furnish the only rules for the guidance of courts in determining the rights of parties in relation to leasehold estates.”
*543 The question was before the court again in Smith v. Harrison, 42 Ohio St., 180, when Judge Mcllvaine also spoke for the court. He says: “A perpetual leasehold estate is not a fee simple, although, by our statutes, it has many incidents of a fee simple estate, Taylor v. DeBus, 31 Ohio St., 468. The fee simple remains in the lessor, his heirs and assigns. The principal value of which is the right to the rents reserved by the lease.”
The early sections of our statute touching the subject, which have been referred to in the decisions already cited, have been carried into the General Code, substantially, and are included in Sections 5330, 8597 and 11655, General Code.
A reading of these different sections of the statute we think clearly shows that the legislature did not intend to expressly define the nature and extent of the estate referred to, except for the purposes stated in the several sections, and such a reading fully sustains the view announced by Judge Mcllvaine. Section 5330, General Code, provides: “All lands held under lease for a term exceeding fifteen years, and not subject to re-valuation * * * shall be considered for all purposes of taxation as the property of the person or persons holding them, and shall be assessed in their names.” It is obviou.s that the sole purpose of that section was to facilitate the taxation of the property. This distinction was recognized in Village of St. Bernard v. Kemper, 60 Ohio St., 244, where it is held:
“1. In this state taxes and assessments are levied upon the corpus of real property, and not upon the titles by which the same may be held, unless otherwise provided by statute.
*544 “2. The lessee in possession under a lease of real property for ninety-nine years, renewable forever, the property standing in his name for taxation, is so far the owner of such property as to authorize him to subscribe a petition for street improvements under Section 2272, Revised Statutes; and in such case the signature of the lessor to such petition is not required in order to authorize an assessment against the corpus of such property. ’ ’
It will be observed the holding is that such a lessee is so far the owner, etc. There is nothing to indicate that the lessor has lost the fee.
Section 8597, General Code, is as follows: “Permanent leasehold estates, renewable forever, shall be subject to the same law of descent as estates in fee are subject to by the provisions of this chapter.” That section is found in the chapter on “Descent and Distribution.”
Surely this section can hardly be said to require interpretation. Its language is clear and unambiguous. The manifest purpose of the legislature was to remove any doubt concerning the descent of permanent leasehold estates renewable forever, and to expressly provide that they should be subject to the same law of descent as estates in fee. But it must be noted, and it is significant, that the legislature does not declare that permanent leasehold estates, renewable forever, are estates in fee, or that the existence of such a permanent leasehold estate reduces the estate of the lessor owner in fee to something less and different. On the contrary the provision preserves the distinction between the estates in fee and permanent leasehold estates renewable forever, and enacts that the latter shall be subject to the same law of descent as the former.
*545 The necessary inference from the language is that the legislature intended that the fee simple remain in the lessor, his heirs and assigns, just as this court declared in Smith v. Harrison, supra.
And as to Section 11655, General Code, where it is provided that lands and tenements, including vested interests therein, permanent leasehold estates, renewable forever, and goods and chattels not exempt by law, shall be subject to the payment of debts and liable to be taken, on execution and sold, the purpose of the legislature obviously was to subject by execution such estates to the payment of the debts of the holder. And no other object can be discovered.
We think that where the owner of a fee in lands leases it for 99 years, renewable forever, he is still the owner of the fee, and, of course, that his heirs and devisees take the same title subject to the lease. The possession of the lessee is the possession of his lessor.
In 1 Washburn on Real Property, 351, Section 612, this proposition is stated: “A tenant for years is never said to be seized of the lands leased; nor does the mere delivery of a lease thereof for years vest in him any estate therein. He thereby acquires a right of entry upon the land, and when he shall have entered, he is said to be possessed, not of the land, but of a term of years, while the seizin of the freehold remains in the lessor and the lessee’s possession is the possession of him who has the freehold.” This proposition is also substantially stated in Tiedeman on Real Property (3 ed.), Section 128.
Now, as already pointed out, it is the settled law ) in Ohio that a remainderman of a life tenant in the / whole premises has no right to partition. Tabler v. Wiseman, supra, and Eberle v. Gaier, Jr., supra.
*546 " There is an essential difference between an estate for life in lands and an estate for years created by a lease. The possession of the tenant for life is his own possession. ITe holds for himself. Nothing can terminate his right to possession, except death, unless he is guilty of waste or forfeits his right in some way. But the possession of the tenant for years, under a lease, perpetual or otherwise, is always the possession of his lessor. In the case of the life estate the reversioner has no present right of possession. It is in futuro. He must wait until the termination of the particular estate. Having no right to immediate possession, there is no reason for dividing or partitioning — no reason why such a tenant in common should desire a partition; no reason why the law should give him partition; or, as Judge Ranney said in Tabler v. Wiseman, no reason “for calling the other owners into court, and subjecting them to the expenses incident to the proceeding.”
In the case of tenancy under a lease the lessor or bis heirs have an ever-present interest — a constant right to participate in the benefits of possession. Their right is not in futuro. It is in praesenti.
It must be remembered that partition deals only with possession. But physical possession is not necessary. An estate which gives the right to possess or to a participation in the fruits of possession is sufficient.
The term “possession,” as used in such proceedings, relates to and defines the nature of the estate. Actual occupation is not necessary to constitute possession. As the authorities hold, the possession of the tenant is the possession of the lessor.
It is said in 20 Ruling Case Law, 727, 728, “to enable a person to maintain proceedings for such partition, he must have an estate in possession, one by virtue of which he is entitled to enjoy the present *547 rents or the possession of the property as one of the cotenants thereof.” The whole case is determined when it is seen that the tenant holds for the lessor, that the possession of the former is the possession of the latter, and that the Ohio statutes concerning permanent leases renewable forever do not alter that relationship. The heirs and devisees of Mrs. Raw-son are “tenants in common” of “any estate in lands” within the meaning of Section 12026, General Code, and entitled to partition by the provisions of that section.
So far as the option to purchase, which is included in the terms of the perpetual lease, is concerned, we do not think that until the option is exercised it would affect the rights of the parties as involved in this proceeding.
The parties by the inclusion of the option to pur-.. chase recognized that the fee still resided in the lessor, his heirs and devisees. The clause reads: “Said lessor for herself and for her heirs * * * agrees to and with the said lessee, its successors and assigns that * * * said lessor will at any time after the expiration of twenty-five (25) years * * * convey the said premises in fee simple to said lessee * * * with release of dower, upon the payment to her or her heirs * * * the sum of one hundred and twenty thousand ($120,000) dollars.”
The judgment of the court below will be affirmed.

Judgment affirmed.

Marshall, C. J., Hough, Wanamaker, Robinson and Matthias, JJ., concur.
Jones, J., took no part in the consideration or decision of the case.